John E. Lord (Bar No. 216111)
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Jenny S. Kim (Bar No. 282562)
jkim@onellp.com
ONE LLP
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorneys for Plaintiff
Ad-N-Art Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| AD-N-ART INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>GLORIANA GRANADOS, an individual; MAUI'S SHOP, an entity of unknown organization; MAUI STORE, an entity of unknown organization; and DOES 1-10,<br><br>Defendants. | Case No. 2:20-cv-02227<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGMENT AND FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Ad-N-Art Inc. ("Ad-N-Art" or "Plaintiff") hereby complains and alleges against Defendants Gloriana Granados, Maui's Shop, Maui Store, and DOES 1 to 10 (collectively, "Defendants") as follows:

## PARTIES

1. Plaintiff Ad-N-Art is a Canadian corporation with its principal offices located at 5760 Andover, Montreal, QC H4T 1H4, Canada.

2. Ad-N-Art is informed and believes that Defendant Gloriana Granados is an individual who resides in San Francisco, Costa Rica, and is the principal and/or alter ego of any entity doing business under the names "Maui's Shop," "Maui Store," "Green Maui," "We Shop Maui," and variations thereof. Publicly available information identifies Gloriana Granados as the registered owner of the domain mauistore.us, on which accused products are offered for sale.

3. Defendant Maui's Shop is an entity of unknown organization. Ad-N-Art is informed and believes that Maui's Shop is the fictitious business name of Defendant Gloriana Granados and/or one of the entities through which she does business as the principal and/or alter ego. Publicly available information identifies Maui's Shop as the organization of the registered owner of the domain mauistore.us, on which accused products are offered for sale.

4. Defendant Maui Store is an entity of unknown organization. Ad-N-Art is informed and believes that Maui Store is the fictitious business name of Defendant Gloriana Granados and/or one of the entities through which she does business as the principal and/or alter ego. Defendants identify the seller of accused products on their Amazon.com store page as Maui Store.

5. Ad-N-Art is informed and believes that at all times herein mentioned, each of the Defendants was the agent, servant, employee, and/or alter ego of each of the other Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of said agency and/or employment, and with the permission and consent, express and/or implied, of the other Defendants herein. A

unity of interest and ownership exists between and among the Defendants such that there is no distinction between or among the Defendants and if the acts alleged herein by one Defendant are treated as the acts of that Defendant alone, an inequitable result will follow. Ad-N-Art is informed and believes that the Defendants have utilized these entities to commit the wrongs alleged herein, to shield themselves from personal liability for their conduct, and to hinder, delay, and/or defraud others. In order to effect justice herein, the corporate fiction maintained by the Defendants must be pierced, all relief and damages should be awarded against all Defendants jointly and severally, and all acts of the Defendants should be treated as the acts of the other Defendants.

6. Does 1 through 10, inclusive, are unknown to Ad-N-Art, who therefore sues said Defendants by such fictitious names. Ad-N-Art will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks); 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. This Court has personal jurisdiction over Defendants because Ad-N-Art is informed and believes that Defendants do and have done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or

contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in this State; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this State and Judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Defendants transacted business in this District and have committed acts of patent infringement in this District. Ad-N-Art is informed and believes that Defendants Maui's Shop and Maui Store are foreign companies and thus may be sued in this District.

## FACTUAL BACKGROUND

10. Ad-N-Art is a leading innovator and seller in Canada, the United States, and internationally of creative and quality beverageware. Ad-N-Art has developed, manufactured, marketed, and sold exclusively a highly successful line of stainless steel koozies under the world-famous brand ASOBU® Frosty Beer 2 Go. Ad-N-Art has sought protection for its innovations, which *inter alia*, has resulted in the issuance of the patent-in-suit.

11. As a direct result of its innovative and distinctive design, Ad-N-Art's ASOBU® Frosty Beer 2 Go has been a great success, and its silhouette, aesthetics, colors, and presentation have immediately become uniquely associated with Ad-N-Art as its source.

12. Ad-N-Art's ASOBU® Frosty Beer 2 Go, with its branded design, has been extensively advertised throughout the United States to capitalize on the existing distribution channels, including internet marketing and social media. In addition, Ad-N-Art's ASOBU® Frosty Beer 2 Go has received unsolicited comment and attention in print and social media throughout the world.

13.     The innovative and distinctive design of the Ad-N-Art's ASOBU® Frosty Beer 2 Go has come to represent and symbolize the superb quality of Ad-N-Art's products and enjoys substantial goodwill among consumers.

<em>Plaintiff's Patent Rights and Defendants' Infringement</em>

14.     On March 20, 2018, United States Patent No. D812992 (the "'D992 patent" or the "patent-in-suit"), entitled "Insulating Container for Beverage Container," was duly and legally issued by the United States Patent and Trademark Office, a copy of which is attached hereto as **Exhibit A**. The 'D992 patent names Eric Pisarevsky as the inventor.

15.     Ad-N-Art Inc. is the exclusive owner by assignment of the 'D992 patent.

16.     The 'D992 patent is a design patent claiming the ornamental design for insulating container for a beverage container, popularly known as a "koozie," as shown and described.

17.     Ad-N-Art sells koozies embodying the ornamental design of the 'D992 patent, including the ASOBU® Frosty Beer 2 Go. The ornamental design is an important component of the ASOBU® Frosty Beer 2 Go, as the design manifests in the entire product and is inseparable from the product. The ASOBU® Frosty Beer 2 Go has come to be associated only with the specific design of Ad-N-Art and is readily distinguishable over other products in the marketplace through considerable time, effort and money.

18.     As such, the ornamental design of the 'D992 patent is a hallmark for the high quality and innovative designs of products sold under the Ad-N-Art brand, and a key element to identifying Ad-N-Art's products in the marketplace.

19.     Ad-N-Art's products are sold in retail marketing channels, including online retailers such as Amazon.com.

20. Ad-N-Art is informed and believes that Defendants manufacture and distribute a line of koozies ("Accused Products"), including but not limited to those featured at:

   a. The Amazon product page at https://www.amazon.com/Maui-Insulator-Stainless-Insulated-Friendly/dp/B07TY1NKK9/ref=pd_bxgy_79_3/132-8505825-0992308?_encoding=UTF8&pd_rd_i=B07TY1NKK9&pd_rd_r=b480044d-c537-48c1-b6ee-e92ad0af4823&pd_rd_w=ajeHI&pd_rd_wg=f6iAx&pf_rd_p=09627863-9889-4290-b90a-5e9f86682449&pf_rd_r=J8MED69V4MDYEDWJ2HFH&psc=1&refRID=J8MED69V4MDYEDWJ2HFH;

   b. Defendants' website at mauistore.us; and

   c. Defendants' Instagram posts at https://www.instagram.com/stories/we_shop_maui/.

A true and correct copy of these exemplary infringing products, which Defendants refer to as "Beer Bottle Insulator Holder," "Stainless Steel Insulated Can Cooler with Beer Opener," and "Eco Friendly Smart Vacuum Bottle" are attached as **Exhibit B**.

21. Ad-N-Art is informed and believes that the Accused Products are offered and promoted in the same marketing channels as Ad-N-Art's products, including online retail stores—from which a customer may purchase products that Defendants ship to the customer anywhere in the United States—as well as websites and social media sites that may be viewed anywhere in the United States.

22. A comparison of Ad-N-Art's claim in the 'D992 patent with the Accused Products below exemplifies Defendants' infringement of 'D992 patent.



23. Ad-N-Art has placed the required statutory notice under 35 U.S.C. § 287 on products and on literature describing the 'D992 patent.

24. Ad-N-Art is informed and believes that Defendants copied Ad-N-Art's proprietary design to benefit from the goodwill Ad-N-Art has created in the marketplace.

25. Defendants are without any authorization, license, or other permission from Ad-N-Art to use Ad-N-Art's patented design in connection with the making, using, offering to sell, selling, or importing of the Accused Products in the United States, including over the Internet.

26. On December 19, 2019, Ad-N-Art wrote to Defendants and demanded that Defendants stop infringing its patent rights. Though Defendants did not respond to the letter, they did soon thereafter list their Accused Products as "sold out" on their website, and also listed the Accused Products on Amazon as "used."

27. On February 10, 2020, Ad-N-Art sent a second demand letter to Defendants providing a detailed notice of infringement, including by setting forth Ad-N-Art's infringing contentions in a draft complaint.

*Plaintiff's Trade Dress Rights and Defendants' Infringement*

28. Ad-N-Art holds trade dress protection in the design and appearance of its ASOBU® Frosty Beer 2 Go products.

29. The Ad-N-Art's ASOBU® Frosty Beer 2 Go is radically different from the koozies that preceded it. It has a distinctive presentation and aesthetic—a total image and overall appearance that is unique, including features such as size, shape, color or color combinations, texture, graphics, and sales techniques.

30. The following elements of Ad-N-Art's ASOBU® Frosty Beer 2 Go product design comprise the trade dress at asserted in this case (the "Asserted Trade Dress"):

    a. The multi-part structure comprising a top component with a bottle opener, a neck component, and a cylindrical component;

    b. Threading or other screw features on the joints of said components enabling assembly and disassembly;

  c. The use of stainless steel material combined with a matte black finish over at least some of the components;

  d. The sales technique of displaying the product in advertisements, wherein the product is shown in various configurations, including:

    i. With all components assembled;

    ii. With the top component removed and placed adjacent to the assembly of the neck component and the cylindrical component;

    iii. With the cylindrical component removed and placed adjacent to the assembly of the top component and neck component; and/or

    iv. With line drawings to indicate where a bottle or can may be inserted; and/or

  e. The tonal imprint of a logo or branding element on the cylindrical component

31. Each of these elements of the Ad-N-Art's ASOBU® Frosty Beer 2 Go product design is distinctive and serves to identify Ad-N-Art as the source.

32. Rather than innovate and develop its own style for its koozie products, Defendants chose to copy Ad-N-Art's innovative and distinctive style. The similarities between Ad-N-Art's ASOBU® Frosty Beer 2 Go and the Accused Product are striking:

/ / /

/ / /

/ / /

| Ad-N-Art's ASOBU® Frosty Beer 2 Go | Accused Product |
|---|---|
|  | |

| Ad-N-Art's ASOBU® Frosty Beer 2 Go | Accused Product |
|---|---|

33. Defendants had many choices in designing their koozies, none of which resemble Ad-N-Art's ASOBU® Frosty Beer 2 Go. Third-party products on the market amply show that Defendants could have achieved the functional objectives of wrapping a beverage container in insulating material without appropriating any of the unique and distinctive features of Ad-N-Art's ASOBU® Frosty Beer 2 Go:[1]

---

[1] See https://www.bottlekeeper.com/products/standard-2-0?variant=200013414425&gclid=Cj0KCQiA7OnxBRCNARIsAIW53B9R8XlKyxGpFpYX32B4_9MO8RtNJAWbkoTYfZW7nOZG-pjzUnsoYXoaAkSSEALw_wcB; https://www.totallypromotional.com/best-value-collapsible-can-; https://www.customink.com/products/styles/foldable-foam-zipper-bottle-cooler/126000?PK=126003&quote_qty=100&samples=true&quote_fc=1&noindex=1&pc=PLA-154982&&mrkgcl=293&mrkgadid=3325931660&product_id=126000%7CBlack%7COne%20Size%7CSample&adpos=&creative=325359389466&device=c&matchtype=&network=g&gclid=Cj0KCQiA7OnxBRCNARIsAIW53B920TV7Ji0g2xcpIJ3UJIkfflG49AMi0J8XseVdWMgkXWmowEkbUMoaArSrEALw_wcB&gclsrc=aw.ds cooler.html?gclid=Cj0KCQiA7OnxBRCNARIsAIW53B9QjbpxH3wSg74G_4hsy77Y7CHY_zZMyQcnKVI6G2IJxKFOTcnayaQaAkRaEALw_wcB; https://www.withlogos.com/16-oz-tall-boy-coolie?gclid=Cj0KCQiA7OnxBRCNARIsAIW53B8Ym-ccQ2vrILVpxxD562tqqOR3IY0PYJCPhg9vxlPUnZ9oI59ySh4aAu0bEALw_wcB; https://www.customink.com/products/styles/foldable-large-bottle-koozie/243300; https://www.kooozieguy.com/hoodie.html; https://www.joopzy.com/military-vest-bottle-

11
**COMPLAINT**



34. Defendants have purposely and meticulously taken steps to create a copycat of Ad-N-Art's ASOBU® Frosty Beer 2 Go, and to encourage consumers to confuse the two brands to profit from the goodwill Ad-N-Art has acquired through its careful and diligent marketing.

35. Thus, without investing any of the resources or innovation required in developing a strong brand identity and intellectual property portfolio, Defendants reaped all the benefits of Ad-N-Art's investment and goodwill in the market.

---

koozie/; https://www.yeti.com/en_US/drinkware/colster/21070090007.html?country=US&currency=USD&CAWELAID=120329620000001206&CAGPSPN=pla&CAAGID=81261507083&CATCI=pla-533013616956&utm_source=google&utm_medium=cpc&utm_content=__iv_p_1_g_81261507083_c_393441556015_w_pla-533013616956_n_g_d_c_v_l_t_r_x_pla_y_7597392_f_online_o_21070090007_z_US_i_en_j_533013616956_s__e__h_9031526_ii__vi__&gclid=Cj0KCQiA7OnxBRCNARIsAIW53B-ZhZgqHgGmEOzhM6aOC6XtNY0ZCmcZGB_vGc0xSpJ7GR3iyYBMzWwaAnmYEALw_wcB&gclsrc=aw.ds.

36. Despite being on clear notice of infringement of these and other intellectual property rights owned by Ad-N-Art, Defendants have capitalized on Ad-N-Art's distinctive, novel, and original design that customers have come to associate with the high quality and innovative products that Ad-N-Art offers.

## FIRST CLAIM FOR RELIEF

### (Infringement of the 'D992 Patent – 35 U.S.C. §§ 271 *et seq*.)

37. Ad-N-Art realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

38. Defendants have been and are directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the 'D992 patent by making, using, offering for sale, selling, and/or otherwise distributing the Accused Products, having a design that would appear to an ordinary observer to be substantially similar to the claim of the 'D992 Patent, for example Defendants' Accused Products as shown above, in violation of 35 U.S.C. § 271.

39. Defendants' infringement has been deliberate, willful, intentional, as Defendants engaged in these wrongful acts with full knowledge of the existence of the 'D992 patent and with full knowledge that its activities were an infringement of the 'D992 patent.

40. In particular, as noted above, Ad-N-Art has placed the required statutory notice under 35 U.S.C. § 287 on products and on literature describing the 'D992 patent, and Ad-N-Art is informed and believes that Defendants are thus well aware of the 'D992 patent and the rights granted Ad-N-Art thereunder. Moreover, Ad-N-Art provided actual notice of the infringement to Defendants at least as early as December 19, 2019.

41. Defendants' infringement has injured or will injure Ad-N-Art, and Ad-N-Art is entitled to recover damages adequate to compensate it for Defendants' infringement, which in no event can be less than a reasonably royalty.

42. Because Defendants' infringement has caused or will cause Ad-N-Art substantial damage and irreparable injury by its infringement of the 'D992 patent, Ad-N-Art will continue to suffer damage and irreparable injury unless and until Defendant is enjoined by this Court from continuing their infringement.

43. Ad-N-Art is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs, as well as enhanced damages pursuant to 35 U.S.C. §§ 271, 281, and 283 to 285, and 289.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement and False Designation of Origin – Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

44. Ad-N-Art realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

45. Ad-N-Art is the owner of all right and title to the distinctive Asserted Trade Dress. The Asserted Trade Dress, embodied in Ad-N-Art's products, and in particular in the ASOBU® Frosty Beer 2 Go, is inherently distinctive and not functional.

46. In addition, the Asserted Trade Dress, as embodied in Ad-N-Art's products, and in particular in the ASOBU® Frosty Beer 2 Go, has acquired secondary meaning. Based on extensive and consistent advertising, promotion and sales throughout the United States, the Asserted Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers, identifying Ad-N-Art as the source of these products.

47. Ad-N-Art's extensive promotion of the distinctive Asserted Trade Dress has resulted in Ad-N-Art's acquisition of valuable, legally protected rights in the Asserted Trade Dress as well as considerable customer goodwill.

48. Defendants' line of the Accused Products has misappropriated the Asserted Trade Dress by mimicking a combination of several elements of that trade dress. The manufacture and distribution of Defendants' products with product

design features that mimic a combination of several elements of the Asserted Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Defendants with Ad-N-Art, or as to the origin, sponsorship, or approval by Ad-N-Art of Defendants' goods, services or commercial activities.

49. Defendants' actions constitute unfair competition and false designation or origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Ad-N-Art is informed and believes that Defendants knew of the Asserted Trade Dress when they designed their products, and at least as early as December 19, 2019, have refused to change their product design in response to Ad-N-Art's request. Accordingly, Defendants' infringement has been and continues to be intentional, willful and without regard to Ad-N-Art's rights in the Asserted Trade Dress.

51. As a direct and proximate result of Defendants' unlawful acts and practices, including those set forth above, Defendants have caused, are causing, and unless immediately enjoined by this Court, will continue to cause immediate and irreparable harm to Ad-N-Art, for which there is no adequate remedy at law, and for which it is entitled to injunctive relief.

52. Ad-N-Art is informed and believes that Defendants have gained profits by virtue of their infringement of the Asserted Trade Dress.

53. Ad-N-Art also has sustained damages as a direct and proximate result of Defendants' infringement of the Asserted Trade Dress in an amount to be proven at trial.

54. Because Defendants' actions have been willful, Ad-N-Art is entitled to treble its actual damages or Defendants' profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – California Business and Professions Code § 17200, *et seq.*)

55. Ad-N-Art realleges and incorporates by reference the foregoing paragraphs, as though fully set forth herein.

56. The acts of Defendants described above constitute fraudulent, unlawful, and unfair business practices as defined by California Business & Professions Code § 17200, *et seq.*

57. Ad-N-Art has valid and protectable prior rights in the Asserted Trade Dress. The Asserted Trade Dress identifies Ad-N-Art as the source of its products, and in particular in the ASOBU® Frosty Beer 2 Go. The Asserted Trade Dress is inherently distinctive, and, through Ad-N-Art's long use, has come to be associated solely with Ad-N-Art as the source.

58. Defendants' infringing use of the Asserted Trade Dress is likely to cause confusion as to the source of Defendants' products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Defendants and Ad-N-Art or that Defendants' products are affiliated with or sponsored by Ad-N-Art.

59. The above-described acts and practices by Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent business practices in violation of California Business & Professions Code §§ 17200, *et seq.* The above-described acts constitute unfair competition and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, *et seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court to enter judgment in its favor and against Defendants and grant the following relief:

A. Enter judgment that Defendants have infringed and are infringing the 'D992 patent;

B. Enter judgment that the aforementioned infringement by Defendants has been and is willful;

C. Enter an order permanently enjoining Defendants and their officers, agents, employees, and all others in active concert or participation with Defendants or any of them from further infringing, whether directly or indirectly, the 'D992 patent and the Asserted Trade Dress; from passing off Defendants' products as being associated with and or sponsored or affiliated with Ad-N-Art; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Ad-N-Art; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Ad-N-Art; or alternatively, a judicial decree that Defendants pay an ongoing royalty in an amount to be determined for continued infringement after the date of judgment;

D. Enter a judgment and order requiring Defendants to recall from any distributors and retailers and to deliver to Ad-N-Art for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

E. Enter a judgment and order requiring Defendants to file with this Court and serve on Ad-N-Art within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F. Award Plaintiff its damages in an amount sufficient to compensate Plaintiff for Defendants' infringement of the 'D992 patent, pursuant to 35 U.S.C. § 284 and 289;

      G.    Award enhanced damages to Plaintiff in an amount not less than three times the compensatory damages awarded by this Court for Defendants' willful infringement of the 'D992 patent, pursuant to 35 U.S.C. § 284 and 289;

      H.    Declare this case to be "exceptional" under 35 U.S.C. § 285, and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

      I.    Award Plaintiff its actual damages, in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117(a);

      J.    Award Plaintiff reasonable funds for future corrective advertising;

      K.    Order an accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

      L.    Award a judgment trebling any damages award pursuant to 15 U.S.C. § 1117;

      M.    Award punitive damages pursuant to California Civil Code § 3294;

      N.    Award restitution relief against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

      O.    Award an assessment and award of pre- and post-judgment interest on all damages awarded; and

      P.    Any further relief that this Court deems just and proper.

Dated: March 6, 2020                **ONE LLP**

                                    By: /s/ John E. Lord
                                          John E. Lord
                                          Jenny S. Kim

                                          Attorneys for Plaintiff,
                                          Ad-N-Art Inc.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: March 6, 2020

**ONE LLP**

By: /s/ John E. Lord
    John E. Lord
    Jenny S. Kim

Attorneys for Plaintiff
Ad-N-Art Inc.